## BOB AMMONS v. STATE.

No. A-4279.    Opinion Filed Nov. 3, 1923.
(219 Pac. 426.)
(Syllabus.)

Larceny—Evidence Sustaining Conviction for Grand Larceny.    In a prosecution for grand larceny, evidence held to support the conviction.

Appeal from District Court, Stephens County; Cham Jones, Judge.

Bob Ammons was convicted of grand larceny, and he appeals. Affirmed.

Wilkinson & Saye, for plaintiff in error.

George F. Short, Atty. Gen., and N. W. Gore, Asst. Atty. Gen., for the State.

DOYLE, J. This appeal is from a judgment of conviction rendered on the verdict of a jury finding Bob Ammons guilty of grand larceny, and fixing his punishment at imprisonment in the penitentiary for the term of one year and a day. The information charges that in Stephens county, on or about the 1st day of May, 1921, Bob Ammons did take, steal, and carry away four automobile casings, and four coils, the personal property of Oran Norman, and of the value of $150.

The only assignment of error urged by counsel for ap-

pellant is that the verdict of the jury is not sustained by sufficient evidence.

The evidence shows that Oran Norman was the owner of a Ford coupe, and on the 30th day of April, 1921, he left said coupe near Weaver Chapel, on the public road, on account of some car trouble which he was unable to adjust; at the time he left the car there it was equipped with casings and the ordinary coils used in a Ford car; that the casings were worth $40, and were taken from the car without his knowledge or consent; that some two or three days thereafter, upon learning of the theft, the owner, with a man named Gregg, went to the defendant's house and found the stolen casings on the defendant's car, also the stolen coils.

Vernon Brewer testified that he lived 9 miles east of Comanche, remembers when Oran Norman's car broke down out there about a mile from his place, that he passed the car one day and the casings were on the car, and the next day he passed they were gone, and he notified Mr. Norman.

C. C. Gregg, deputy sheriff, testified that he knew the defendant, and with Mr. McIllvain and Mr. Norman went to the defendant's home to search for the casings; while there the defendant drove up in a Ford car; Mr. Norman identified the casings on the car as his casings by certain slits on the same and took the casings from the defendant's car, also some coils; that the defendant did not protest the taking of the casings and the coils, but said that he bought the casings from a man driving a gray horse; that if they would go with him he would show them the man; then he said he was a poor man and wanted to settle the matter; that he would give a cow and a calf if that would settle the matter. There was other testimony tending to show that appellant had been in the vicinity the night the casings were

·taken.

As a witness in his own behalf, the defendant testified that he had started over to his brother's after dinner, it was about 14 miles, and intended to return home that evening, and had car trouble; that his wife and a little girl were with him; that he had sorry casings, and was patching a tube when a man came up and said, "I have some pretty good old seconds I can sell you and sell them right," and he gave this man $20 for four casings, then went on to his brother's; that he took off the old casings and put on those he had brought and went on to the ball game; that when the officers came to his home he had the casings that he bought of the man on his Ford, and the officers said he had stolen them; that he told the officers that he could not say that they were not Mr. Norman's casings, and that he would rather give the best milk cow and calf he had than be tried for theft, but that he was not trying to bribe the officers.

His wife testified, in substance, to the same facts as did the defendant.

Where the inference of guilt can be reasonably drawn from the evidence, this court will not pass upon the weight of the evidence in order to determine whether the defendant was guilty as charged. On the record before us it was for the jury to judge the weight of the evidence and the credibility of the witnesses, under the instructions of the court which gave the defendant the benefit of all reasonable doubt.

We do not discover any error in the record; while it is undoubtedly true that there was, under the testimony, ample room for a different verdict, we cannot substitute our judgment for that of the jury. The record shows that the defendant was accorded a fair trial.

The judgment of the trial court is accordingly affirmed.

MATSON, P. J., and BESSEY, J., concur.